UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT RODRIGUEZ,

                Petitioner,

   -against-

ROBERT MITCHELL,

                Respondent.
-------------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

1:94-CV-127 (ERK)

KORMAN, *J.*:

## BACKGROUND

On December 2, 1983, petitioner was convicted of four counts of second-degree murder and one count of first-degree attempted robbery. He subsequently filed a series of appeals and motions in state and federal court challenging that conviction. He filed his first petition pursuant to § 2254 on January 11, 1994. Judge Weinstein, to whom the case was then assigned, appointed pro bono counsel, conducted a hearing, and denied the petition on the record on April 17, 1995. Judgment dismissing the petition was entered on April 25, 1995. (94-CV-127, Entry # 28.) The Court of Appeals affirmed. *Rodriguez v. Mitchell*, No. 95-2310 (2d Cir. April 26, 1996). Petitioner then filed multiple requests for reconsideration of that order. (94-CV-127, Entry # 29; Unnumbered entry following Entry # 44, dated May 20, 1996; Entry # 64.) In a lengthy decision issued, as amended, on September 7, 2001, the Court of Appeals affirmed the denial of reconsideration and held that petitioner was entitled to file a successive petition limited to the claim of ineffective assistance of counsel. *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001) (also holding that a Rule 60(b) motion to vacate a judgment denying habeas relief is not a second or successive petition that would be subject to the gatekeeping requirement of 28 U.S.C. § 2244(b)). Petitioner's subsequent June 20, 2001 motion was initially docketed under No. 01-CV-4222, and his October 31, 2001 motion was

docketed under No. 01-CV-7743. Both were subsequently consolidated into the lead case, No. 94-CV-127, which was reopened to consider petitioner's successive petition limited to the question of whether his attorney's alleged mental illness constituted ineffective assistance of counsel.

At a June 10, 2002 hearing, petitioner appeared before Judge Weinstein via telephone and asked that his assigned counsel be removed. Judge Weinstein granted the request and then recused himself from further proceedings in the case. The recusal order was entered on June 14, 2002. *Rodriguez v. Mitchell*, 208 F. Supp. 2d 381 (E.D.N.Y. 2002). The case was reassigned at random to the undersigned. On October 31, 2002, I denied the petition on the grounds that it was untimely and without merit, finding that the state court's application of the two-pronged *Strickland* standard to petitioner's ineffective assistance of counsel claim was not unreasonable. *See Rodriguez v. Mitchell*, Docket No. 94-CV-0127, Entry # 101, slip op. (E.D.N.Y. Oct. 30, 2002) (attached as Exhibit Q to Pet.'s Rule 60(b) Motion). I denied petitioner's subsequent motion for reconsideration of that order on January 30, 2003 (94-CV-127, Entry # 105), and the Court of Appeals dismissed the appeal on May 8, 2003. *Rodriguez v. Mitchell*, No. 03-2029 and No. 03-2155 (2d Cir. June 19, 2003). On July 21, 2009, the Court of Appeals denied petitioner's application for an order authorizing consideration of a successive petition.

On February 5, 2013, petitioner filed the instant Rule 60(b) motion for relief. The motion argues that (1) Judge Weinstein erred in not assigning new counsel; and (2) i erred in finding the original petition to be time-barred and in failing to address the prejudice component of petitioner's ineffective assistance of counsel claim. Petitioner asks that I recuse myself and reassign the petition to Judge Weinstein. (Pet. ¶ 28).

2

**DISCUSSION**

Rule 60(b) of the Rules of Civil Procedure permits a litigant to seek relief from a final judgment for a list of enumerated reasons including "(4) the judgment is void" and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez*, 252 F.3d 191). Petitioner's Rule 60(b) motion is properly filed, as it attacks decisions in the lengthy habeas proceedings, and is not a direct attack on his criminal conviction.

A motion filed pursuant to Rule 60(b) for one of the first three enumerated reasons must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For all other reasons, including subsection four and the catch-all subsection six, a Rule 60(b) motion must be filed "within a reasonable time." *Id.*

The standard for granting a motion to reconsider is strict. The Supreme Court has "required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted) (also noting that "[s]uch circumstances will rarely occur in the habeas context.") Reconsideration will generally be denied unless the moving party can point to either controlling decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Petitioner's Rule 60(b) motion, filed more than a decade after the decisions he seeks to overturn, demonstrates no such extraordinary circumstance. His allegation that he is entitled to relief from Judge Weinstein's June 10, 2002 decision not to appoint new counsel, after granting

petitioner's request that his assigned counsel be relieved, is without merit. Petitioner appears to argue that because Judge Weinstein *preferred* to hold evidentiary hearings in habeas cases over which he presided, *Rodriguez*, 208 F. Supp. 2d at 383 (explaining his preference for handling habeas corpus petitions), and because counsel is required in evidentiary hearings, *Graham v. Portuondo*, 506 F.3d 105, 107 (2d Cir. 2007), Fed. R. Governing § 2254 Cases 8(c), he was required to appoint new counsel. As it happened, after Judge Weinstein recused himself and the petition was randomly reassigned to me, I found that no evidentiary hearing was required, and thus there was no need to appoint counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (no general right to counsel in postconviction collateral attacks); *Clark v. Kuhlman*, No. 98-CV-6086, 2009 WL 87507, at *3 (E.D.N.Y. Jan. 12, 2009) (no requirement to appoint counsel in habeas cases where no evidentiary inquiry is warranted). Petitioner has not presented any controlling decisions or factual matters that the Court overlooked.

  Petitioner's second claim, that I erred in dismissing his petition, is equally untenable. Assuming, arguendo, that statutory and equitable tolling could have brought petitioner's claim within the statute of limitations, the petition was properly dismissed on the merits. Petitioner now argues that I failed to address the prejudice prong of his ineffective assistance of counsel claim. In fact, I explicitly noted that Judge Pincus, who presided over petitioner's trial and subsequent § 440.10 motion in state court, properly relied on established federal law in applying the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which includes the prejudice requirement. As the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d), there was no ground for habeas relief. Nothing in petitioner's current submission suggests any reason to reach an alternative conclusion.

## CONCLUSION

Petitioner has not identified controlling decisions or factual matters that were overlooked or any other "extraordinary circumstances" to justify reopening the final judgment dismissing his § 2254 petition, and therefore the motion to vacate the October 30, 2002 Order is denied. Pursuant to 28 U.S.C. § 1915(a)(3), I certify that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 30 , 2013

*Edward R. Korman*
EDWARD R. KORMAN
Senior United States District Judge